IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS CONSTRUCTION AGGREGATES, LLC; MANDY ANN MANAGEMENT, LTD.; VISION STONE, INC. D/B/A ARNOLD STONE, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:22-CV-02846-E |
| KOMATSU AMERICA CORP., | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Komatsu America Corp.'s ("Komatsu") Motion to Dismiss Plaintiff's Original Petition. (ECF No. 7). Komatsu seeks dismissal based on Federal Rules of Civil Procedure 9(b) and 12(b)(6). Plaintiffs Texas Construction Aggregates, LLC; Mandy Ann Management, Ltd.; and Vision Stone, Inc. d/b/a Arnold Stone (referred as "TCA") assert various fraud and negligence claims against Komatsu. (ECF No. 3-1). For the reasons discussed below, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to TCA's claims of fraud by misrepresentation and fraud by non-disclosure, but the Court grants TCA leave to amend these fraud claims. The Motion is granted as to TCA's claims pertaining to the Komatsu 320 (serial number A32360), as they are barred by the statute of repose and thus are **dismissed with prejudice**. The Motion is granted as to TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 470 (serial number A49209), as they are barred by the statute of limitations and thus are **dismissed with prejudice**. The Motion is denied as to TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 320 (serial number A38093), as they are not barred by the statute of limitations, and,

thus, these claims are not dismissed.

## I. Factual Background

This removal proceeding is brought under respondeat superior and involves a dispute about allegedly faulty mining equipment that failed to operate as advertised. On July 23, 2020, TCA initiated this litigation asserting multiple claims against Komatsu under the doctrine of respondeat superior. (ECF No. 3-1 at 10). TCA pled claims for: (1) fraud by misrepresentation; (2) fraud by non-disclosure; (3) negligent misrepresentation; and (4) gross negligence. Komatsu timely removed this action to federal court based on diversity jurisdiction. TCA has filed no federal pleading and proceeds on its state-court original petition.

Mike Arnold is the principal of Texas Construction Aggregates, LLC; Mandy Ann Management, Ltd.; and Vision Stone Inc. d/b/a Arnold Stone. (ECF No. 3-1 at 2). Plaintiffs' Original Petition (the "Petition") alleges that TCA purchased Komatsu machinery from Kirby Smith Machinery, Inc. over many years for mining purposes and that the Komatsu machines were "inoperable or incapable of operating in a mining environment." (ECF No. 3-1 at 2). The Petition states that Arnold purchased three Komatsu machines between 2004 and May 11, 2017, from Kirby Smith for TCA: (1) a Komatsu 320 (serial number A32360) on or about 2004; (2) a Komatsu 470 (serial number A49209) on or about May 11, 2017; and (3) a Komatsu 320 (serial number A38093) on or about December 29, 2016. (ECF No. 3-1 at 2-3).

As alleged, Komatsu's proprietary remote telemetry system, KOMTRAX, is designed to provide detailed diagnostics prior to a technician leaving the shop so they can arrive prepared to assist the customer with one service call. (ECF No. 3-1 at 3). TCA alleges that the Komatsu 470 (A49209) was almost new and required multiple repairs to the rear trunnion. (ECF No. 3-1 at 4). TCA had already experienced the same problem with a Komatsu 470 and a Komatsu 480. (ECF

No. 3-1 at 4). As alleged, despite these previous failures, TCA could not get any estimate or reasonable timeframe for a repair for the Komatsu 470 (A49209). (ECF No. 3-1 at 4). After demanding a repair occur, it "was performed and paid for in May 2018." (ECF No. 3-1 at 4). Allegedly, the same machine had a reoccurrence of the same problem in September 2019, prompting TCA to meet with Del Keffer, VP of Sales and Rental at Kirby Smith Machinery, the dealer which sold TCA the machines, to discuss why these problems occurred. (ECF No. 3-1 at 4-5). As alleged, Kirby Smith subsequently repaired the Komatsu 470 (A49209), only for it experience the same problem again for a third time with very few hours on the machine since the previous September 2019 repair. (ECF No. 3-1 at 4).

Additionally, the Petition alleges that TCA's Komatsu 320 (A32360) showed a code on the KOMTRAX system, indicating one or more of the system's solenoids had failed. (ECF No. 3-1 at 6). As alleged, a Kirby Smith technician arrived a few days later to diagnose the problem, but stated he could not conduct the repair until the solenoids came in. (ECF No. 3-1 at 6). Once the solenoids came in, TCA reminded the technician to bring the necessary repair parts in advance so a second trip would not be required. (ECF No. 3-1 at 6). As alleged, the problem with the Komatsu 320 (A32360) was a wiring problem—contrary to what the KOMTRAX code had read. (ECF No. 3-1 at 6). As alleged, personnel at Kirby-Smith told TCA to ship the Komatsu 320 (A32360) to Abilene for repair by a wiring and electrical specialist. (ECF N. 3-1 at 7). Allegedly, when the work was performed, the original solenoids were the only things that were replaced that fixed the issue. (ECF No. 3-1 at 7). TCA alleges that—after shipping the Komatsu 320 (A32360) to Kirby Smith for repair—the Komatsu 320 (A32360) returned to TCA in an inoperable condition: the back-up alarm had been disconnected, the wiring to the alarm had been removed completely, and the service light was on which would not allow the machine to run. (ECF No. 3-1 at 7). TCA

alleges that, when questioned, personnel at Kirby Smith stated that nothing was done on the wiring while the Komatsu 320 (A32360) was in Kirby Smith's custody, contradicting their previous statements. (ECF No. 3-1 at 7-8). TCA alleges that—after TCA replaced the wiring to the backup alarm and restarted the machine—a previously non-leaking hose began leaking and spraying hydraulic fluid, requiring it to be taken off and replaced. (ECF No. 3-1 at 8). As alleged, multiple unnecessary trips and incorrect diagnoses cost TCA thousands of dollars and unuse of the Komatsu 320 (A32360) while it required repair. (ECF No. 3-1 at 6-7).

TCA alleges that the third machine, the Komatsu 320 (A38093), also showed a code requiring a replacement of a solenoid. (ECF No. 3-1 at 7). Personnel at Kirby-Smith offered to send someone out that day, July 20, 2020, to replace the solenoid on the Komatsu 320 (A38093) and do a service check on the Komatsu 320 (A32360) if TCA gave Kirby-Smith their credit card and authorized a service charge. (ECF No. 3-1 at 8).

On February 28, 2023, Komatsu moved to dismiss all of TCA's claims—arguing that TCA's fraud claims do not meet the heightened pleading standard under Rule 9(b), TCA's negligence claims are barred by the statute of limitations, and the claims relating to the Komatsu 320 (A32360) are barred by the statute of repose. (ECF No. 7-8). TCA responded to Komatsu's Motion to Dismiss, (ECF No. 9), and Komatsu subsequently filed a reply, (ECF No. 10-11). Additionally, TCA requests leave to amend if the Court finds merit in any issue raised by Komatsu. (ECF No. 9). Having been fully briefed, Komatsu's Motion to Dismiss is ripe for adjudication.

## II. LEGAL STANDARD

### 1. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a

plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

    2.    *Rule 9(b) Standard*

Additionally, a dismissal for failure to state fraud with particularity required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what [the person] obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Put simply, Rule 9(b) requires the "who, what, when, where, and how" of the fraud. *U.S. ex rel.*

*Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

"In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *U.S. ex rel. Grubbs*, 565 F.3d at 185. "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)[.]" *U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 721 (5th Cir. 2008).

### III. ANALYSIS

The Court concludes that TCA failed to meet the heightened pleading standard under Rule 9(b) for the fraud claims, but the Court grants TCA leave to amend these claims. The Court concludes that TCA's claims pertaining to the Komatsu 320 (serial number A32360) are barred by the applicable statute of repose. The Court concludes TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 470 (serial number A49209) are barred by the applicable statute of limitations. However, TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 320 (serial number A38093) are not barred by the statute of limitations.

#### A. TCA's Fraud Claims

The Court first address TCA's claims of fraud by misrepresentation and fraud by non-disclosure against Komatsu. (ECF No. 3-1 at 8-9). To adequately plead fraud a plaintiff must plead in accordance with Rule 9(b) by stating the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what [the person] obtained thereby." *Benchmark Elecs., Inc.*, 343 F.3d at 724. After reviewing the Petition, the Court concludes that TCA has not satisfied Rule 9(b)'s particularity requirements for pleading fraud with particularity; namely, the "who, what, when, where, and how" of the fraud is not

adequately plead. (ECF No. 3-1). Notably, the Petition does not specify the statements contended to be fraudulent, and when and where such statements were made. (ECF No. 3-1). Instead, TCA states the elements of fraud by misrepresentation and fraud by non-disclosure, without including evidence of how such elements specifically relate to Komatsu. (ECF No. 3-1 at 8-9). Merely stating that Komatsu made misrepresentations "through its nationwide marketing campaign" is insufficient. (ECF No. 3-1 at 8). Further, the Petition fails to provide specific dates of the alleged fraud, and where the alleged fraud occurred. (ECF No. 3-1).

Thus, the Court grants Komatsu's Motion to Dismiss with regard to both fraud claims and grants TCA's request for leave to amend to plead its allegations in conformity with Rule 9(b) within 21 days of this Order.

**B.   TCA's Claims Pertaining to the Komatsu 320 (serial number A32360)**

Komatsu argues that any claims pertaining to the Komatsu 320 (A32360) are barred by the fifteen-year statute of repose for Texas products liability actions. Tex. Civ. Prac. & Rem. Code § 16.012(b). This statute requires "a claimant to commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code § 16.012(b). A statute of repose runs "from a specified date without regard to accrual of any cause of action;" it can cut off rights before they even accrue. *Camacho v. Ford Motor Company*, 993 F.3d 308, 315 (5th Cir. 2021). "Statutes of repose create a substantive right to be free from liability after a legislatively determined period"—here fifteen years. *Galbraith Engineering Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009).

It is undisputed that the Komatsu 320 (A32360) was purchased by TCA on or about 2004. (ECF No. 3-1 at 2). Fifteen years from such date of sale is 2019. It is undisputed that the operative

date of filing of this lawsuit is July 23, 2020. (ECF Nos. 8 at 8; 9 at 6). Thus—even assuming the date of sale was December 31, 2004—any claims against Komatsu associated with the Komatsu 320 (A32360) expired at the latest on December 31, 2019, well before July 23, 2020. *See* Tex. Civ. Prac. & Rem. Code §16.012(b).

TCA argues that § 16.012 is actually a statute of limitations—and that the fifteen-year period must be read in conjunction with the other limitations period—which is inconsistent with Fifth Circuit precedent. (ECF No. 9 at 6). TCA offers two operative dates—both beyond the July 23, 2020 filing date—(1) 2021 if the two-year limitations period for negligence and Deceptive Trade Practices is applied, or (2) July 2023 if the four-year limitations period for fraud is applied. (ECF No. 9 at 6). TCA argues that "any cause of action accrued within that fifteen year period [since 2004] starts the clock as of the time that the cause of action accrued." (ECF No. 9 at 6). In support, TCA refers the Court to *Camacho v. Ford Motor Company*. 993 F.3d at 311-15 (discussing statutes of repose and tolling provisions as substantive law, applicable to diversity cases).

*Camacho* expressly states that "§ 16.001(b)'s tolling provision does not apply to the products-liability statute of repose in § 16.012(b)." 993 F.3d at 315; *see Galbraith Engineering Consultants, Inc.*, 290 S.W.3d at 868 (holding that construing the word limitations broadly "would defeat the recognized purpose for statutes of repose"). Further, a statute of repose posits the "Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims." *Galbraith Engineering Consultants, Inc.*, 290 S.W.3d at 868. The accrual date is immaterial to a statute of repose. *See Camacho*, 993 F.3d at 315 ("[W]hile statutes of limitations only begin running when the cause of action accrues, statutes of repose run from a specified date without regard to accrual of any cause of action.") (internal quotation omitted).

Accordingly, any claims pertaining to the Komatsu 320 (A32360) are barred by the applicable statute of repose in the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code § 16.012(b). The Court grants Komatsu's Motion to Dismiss regarding the Komatsu 320 (A32360), and all claims pertaining to the Komatsu 320 (A32360) are dismissed with prejudice.

**C.    TCA's Negligent Misrepresentation and Gross Negligence Claims**

Komatsu argues that TCA's claims of negligent misrepresentation and gross negligence pertaining to all three Komatsu machines are barred by the two-year statute of limitations for negligence-based claims, and thus, should be dismissed under Rule 12(b)(6). (ECF No. 8 at 8-9). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

The Texas statute of limitations for negligence claims is two years, Tex. Civ. Prac. & Rem. Code Ann. § 16.003, and the same period applies to allegations of gross negligence and negligent misrepresentation. *See Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). Under Texas law, the two-year limitations period for negligence actions generally runs from "the commission of the negligent act, not the date of the ascertainment of damages." *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1372 (5th Cir. 1994); *Davis v. Dallas County, Tex.*, 541 F.Supp.2d 844, 856 (N.D. Tex. 2008) (holding that accrual occurs "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later"). Under Texas law, limitation of an action is an affirmative defense that must be "specifically pleaded and proved." *Cont'l Cas. Co. v. Dr. Pepper Bottling Co. of Texas*, 416 F. Supp. 2d 497, 505 (N.D. Tex. 2006). Further, "the party asserting the defense of statute of limitations bears the burden of proof on the

issue." *Cont'l Cas. Co.*, 416 F. Supp. 2d at 506. Additionally, "the discovery rule is not applicable to negligent misrepresentation claims under Texas law." *Kansa Reinsurance Co.*, 20 F.3d at 1371.

At issue between the parties is when the claims accrued to begin the running of the two-year limitations period. (ECF Nos. 8 at 9; 9 at 7-8). Because the Court concluded that any claims pertaining to the Komatsu 320 (A32360) are barred by the applicable statute of repose, *see supra* § III.B, the Court need only address the negligence-based claims for the remaining two Komatsu machines: (1) the Komatsu 470 (A49209), and (2) the Komatsu 320 (A38093).

### 1. *The Komatsu 470 (A49209)*

Taking the facts in the Petition as true, TCA asserts that the first repair on the Komatsu 470 (A49209) occurred in May 2018. (ECF No. 3-1 at 4). Additionally, TCA states that two other Komatsu machines had already had the same problem before this date. (ECF No. 3-1 at 4). Thus, in the motion to dismiss context, the Court takes as true that the injury to the Komatsu 470 (A49209) accrued on or before May 2018. *See Kansa Reinsurance Co.*, 20 F.3d at 1372 (holding that the limitations period begins from the commission of the negligent act). Therefore, the statute of limitations for the Komatsu 470 (A49209) expired two years later in May 2020.

Both parties' arguments regarding the point of accrual for the Komatsu 470 (A49209) are unavailing. Komatsu contends the statute of limitations began to run when the machine was purchased on May 11, 2017. (ECF No. 8 at 9). But, the statute of limitations period for negligence-based claims begins to run when "a wrongful act causes some legal injury," and not from the date of purchase. *See Davis*, 541 F.Supp.2d at 856.

TCA argues that the legal injury occurred "when Plaintiffs discovered or should have discovered" the torts committed against them. (ECF No. 9 at 7). TCA further contends that since the "acts of deception continue to this very day," that their claims were never time barred. (ECF No. 9 at 7). Alternatively, TCA also argues the cause of action for the Komatsu 470 (A49209) did

not accrue until September 2019—alleging that this was the first time TCA could have been placed on notice of injury. (ECF No. 9 at 8). Although not specifically pled, it appears as though TCA is attempting to apply the discovery rule to the accrual date. But, the discovery rule is inapplicable here. *See Kansa Reinsurance Co.*, 20 F.3d at 1372 (declining to apply the discovery rule to a negligent misrepresentation claim as Texas courts classify such claims as a negligent tort rather than fraud).

The facts alleged in the Petition indicate that the alleged negligent act by Komatsu regarding the Komatsu 470 (A49209) occurred—at the latest—on May 31, 2018, more than two years prior to the initiation of this lawsuit on July 23, 2020. (ECF No. 3-1 at 4-5).

Therefore, the negligence-based claims pursuant to the Komatsu 470 (serial number A49209) are barred by the two-year statute of limitations under Texas Civil Practice and Remedies Code § 16.003. Tex. Civ. Prac. & Rem. § 16.003. The Court grants Komatsu's Motion to Dismiss as to TCA's negligence claims regarding the Komatsu 470 (serial number A49209), and the claims are dismissed with prejudice.

   2.   *The Komatsu 320 (A38093)*

Regarding the Komatsu 320 (A38093), Komatsu again asserts that the statute of limitations began to run on the date of purchase: December 29, 2016. (ECF No. 8 at 9). As stated above, the statute of limitations period for negligence-based claims begins to run when "a wrongful act causes some legal injury," and not from the date of purchase. *See Davis*, 541 F.Supp.2d at 856.

TCA argues that the Petition is silent as to when TCA was placed on notice, and that Komatsu "is not at liberty to simply deem limitations had expired without supporting evidence, shifting its pleading from a motion to dismiss to a motion for summary judgment." (ECF No. 9 at 8). Although TCA is incorrect in stating that the accrual point is when it was placed on notice, TCA is correct in its assertion that the Petition is silent as to the date of accrual for the claims

pursuant to the Komatsu 320 (A38093). TCA's pleadings are devoid of a date concerning the injury to the Komatsu 320 (A38093). Since (1) Komatsu bears the burden of proof on this statute of limitations affirmative defense and (2) Komatsu failed to show an accrual date, as pled, the Court cannot conclude that the negligence claims regarding the Komatsu 320 (A38093) are barred by the two-year statute of limitations in this motion to dismiss analysis. Thus, Komatsu's Motion to Dismiss pursuant to TCA's negligence claims is denied as to the Komatsu 320 (A38093).[1]

In sum, TCA's negligent misrepresentation and gross negligence claims regarding the Komatsu 470 (A49209) are barred by the two-year statute of limitations and are dismissed with prejudice. However, Komatsu has failed to carry its burden in this motion to dismiss context as to TCA's negligent misrepresentation and gross negligence claims regarding the Komatsu 320 (A38093); thus, those claims are not dismissed.

### IV. CONCLUSION

For the reasons enumerated above, the Court **GRANTS IN PART** and **DENIES IN PART** Komatsu's Motion to Dismiss. The Court grants Komatsu's Motion to Dismiss as to TCA's claims of fraud by misrepresentation and fraud by non-disclosure, but the Court grants TCA leave to amend those claims. TCA's claims pertaining to the Komatsu 320 (serial number A32360) are barred by the statute of repose and are **dismissed with prejudice**. TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 470 (serial number A49209) are barred by the statute of limitations and are **dismissed with prejudice**. The Court denies Komatsu's Motion to Dismiss as to TCA's claims of negligent misrepresentation and gross negligence pertaining to the Komatsu 320 (serial number A38093).

---

[1] Of course, Komatsu is not prohibited from proving this affirmative defense at the summary judgment or trial stage(s).

**SO ORDERED:** September 26, 2023.

_____
Ada E. Brown
UNITED STATES DISTRICT JUDGE